# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GORDON D. MEADOR, | Case No. 1:14-cv-02013-SKO (PC) |
| Plaintiff, | SCREENING ORDER DISMISSING CDCR, WITH PREJUDICE, AND DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| SMITH & WESSEN, et al., | (Doc. 1) |
| Defendants. | |

**I.      Screening Requirement and Standard**

Plaintiff Gordon D. Meador, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 18, 2014. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

## II. Discussion

### A. Summary of Claim

Plaintiff filed suit pursuant to section 1983 "and personal injury." (Doc. 1, Comp., p. 1.) Plaintiff seeks damages for an injury to his right arm sustained on May 24, 2014, when a security guard at San Joaquin Community Hospital cut a broken handcuff from his wrist with bolt cutters. Plaintiff alleges that his upper arm was cut deeply, exposing bone, and leaving him with permanent numbness and a scar. Plaintiff names Smith & Wesson,[1] Handcuff Company; San Joaquin Community Hospital; California Department of Corrections and Rehabilitation; John Doe #1, Security Officer; a Doe Correctional Officers, Doe Correctional Sergeant; and additional Does as defendants.

### B. Section 1983 Claim

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Crowley v. Nevada ex rel. Nevada Sec'y of State*, 678 F.3d 730, 734 (9th Cir. 2012)

---

[1] Identified as Smith & Wessen in the complaint.

2

(citing *Graham v. Connor*, 490 U.S. 386, 393-94, 109 S.Ct. 1865 (1989)) (internal quotation marks omitted). To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights. *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012).

Plaintiff's complaint fails to state a viable claim under section 1983 for several different reasons. First, Plaintiff must identify a federal right at issue to proceed under section 1983. Since Plaintiff is a convicted prisoner and the Eighth Amendment protects against harm to inmates' health or safety, the Court will construe his section 1983 claim as brought for violation of the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). However, an Eighth Amendment claim will lie only if the defendants acted with deliberate indifference to a substantial risk of harm to Plaintiff, and Plaintiff's allegations do not support such a claim. *E.g., Farmer*, 511 U.S. at 847; *Thomas v. Ponder*, 611 F.3d 1144, 1150-51 (9th Cir. 2010); *Foster v. Runnels*, 554 F.3d 807, 812-14 (9th Cir. 2009); *Johnson*, 217 F.3d at 731; *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). At best, Plaintiff's allegations indicate the possibility of negligence by the security officer who cut off the handcuffs, and negligence is not redressable under the Eighth Amendment. *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005).

In addition, section 1983 provides redress for violations committed under color of state law. *Nurre*, 580 F.3d at 1092 (citing *Johnson v. Knowles*, 113 F.3d 1114, 1117 (9th Cir. 1997)). The only defendant actually linked to an alleged violation of Plaintiff's rights is the hospital security guard, and the presumption is that "conduct by private actors is not state action." *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011). Plaintiff's complaint contains no facts which would support a finding that the hospital security guard was acting under color of state law when he removed Plaintiff's broken handcuffs.[2]

---

[2] Similarly, Plaintiff's complaint contains no facts supporting a basis for suit against Smith & Wesson or San Joaquin Community Hospital under section 1983, notwithstanding his even broader failure to link either defendant to actions or omissions which would support a claim under any legal theory.

Finally, in no event may Plaintiff sue the California Department of Corrections and Rehabilitation ("CDCR") in federal court. CDCR is entitled to Eleventh Amendment immunity from suit as a matter of law and it shall be dismissed from this action, with prejudice. *E.g., Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900 (1984); *Buckwalter v. Nevada Bd. of Medical Examiners*, 678 F.3d 737, 740 n.1 (9th Cir. 2012); *Wolfson v. Brammer*, 616 F.3d 1045, 1065-66 (9th Cir. 2010).

### C. State Law Negligence Claim

Plaintiff also alleges a claim for "personal injury." (Comp., p. 1.) Based on this allegation and given the description of events, it appears Plaintiff may be alleging a claim for negligence under California law. However, the "plain language" of 28 U.S.C. § 1367(a) "makes clear that supplemental jurisdiction may only be invoked when the district court has the hook of original jurisdiction on which to hang it." *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001). Thus, where, as here, there is no viable federal claim, the Court lacks jurisdiction over any state law tort claims, notwithstanding the existence of additional deficiencies with the claim.[3]

## III. Conclusion and Order

Plaintiff's complaint fails to state a claim under section 1983. In an abundance of caution, the Court will provide Plaintiff with one opportunity to file an amended complaint curing the identified deficiencies. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended

---

[3] "Under California law, '[t]he elements of negligence are: (1) defendant's obligation to conform to a certain standard of conduct for the protection of others against unreasonable risks (duty); (2) failure to conform to that standard (breach of duty); (3) a reasonably close connection between the defendant's conduct and resulting injuries (proximate cause); and (4) actual loss (damages).'" *Corales v. Bennett*, 567 F.3d 554, 572 (9th Cir. 2009) (quoting *McGarry v. Sax*, 158 Cal.App.4th 983, 994, 70 Cal.Rptr.3d 519 (2008) (internal quotations omitted)). Plaintiff's complaint also fails to set forth sufficient facts to support a viable negligence claim; and with respect to public entities or their employees, such as CDCR staff, Plaintiff fails to allege compliance with the Government Claims Act. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950, 950.2 (West 2015). Presentation of a written claim and action on or rejection of the claim are conditions precedent to suit; compliance with the prison appeals process does not suffice. *Shirk v. Vista Unified Sch. Dist.*, 42 Cal.4th 201, 208-09 (Cal. 2007); *State v. Superior Court of Kings Cnty. (Bodde)*, 32 Cal.4th 1234, 1239 (Cal. 2004); *Mabe v. San Bernardino Cnty. Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1111 (9th Cir. 2001); *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995).

complaint, *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007), and Plaintiff is cautioned that an amended complaint supercedes the original complaint, *Lacey v. Maricopa County*, 693 F.3d 896, 907 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. The California Department of Corrections and Rehabilitation is dismissed from this action, with prejudice, on the ground of Eleventh Amendment immunity;
2. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
3. The Clerk's Office shall send Plaintiff a civil rights complaint form;
4. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
5. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: **June 2, 2015**                    /s/ Sheila K. Oberto
                                    UNITED STATES MAGISTRATE JUDGE

5