UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GORDON DALE MEADOR,<br><br>        Plaintiff,<br><br>  v.<br><br>DOES, et al.,<br><br>        Defendants. | Case No. 1:14-cv-02013 DLB PC<br><br>ORDER FINDING COGNIZABLE CLAIMS AND DISMISSING REMAINING CLAIMS AND DEFENDANTS |

Plaintiff Gordon Dale Meador ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this action pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on December 18, 2014.[1]

Pursuant to Court order, he filed a First Amended Complaint on June 12, 2015. Plaintiff names California Department of Corrections and Rehabilitation ("CDCR") Correctional Sgt. Doe 1, CDCR Correctional Officer Doe 2, Hospital Security Guards Does 3 and 4 and the Springfield Handcuff Company as Defendants.

**A.**    <u>**SCREENING REQUIREMENT**</u>

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on January 16, 2015.

1

1  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
2  monetary relief from a defendant who is immune from such relief.  28 U.S.C.
3  § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid,
4  the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . .
5  fails to state a claim upon which relief may be granted."  28 U.S.C.
6  § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983.  Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.  Plaintiff must present factual allegations sufficient to state a plausible claim for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.    SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at Salinas Valley State Prison.  The events at issue occurred while Plaintiff was hospitalized at San Joaquin Hospital.

///

Plaintiff alleges that on May 24, 2014, he was hospitalized at San Joaquin Hospital due to heart problems.  CDCR Correctional Officer Doe 2 called supervising CDCR Correctional Sgt. Doe 1 and informed him that the waist chains on Plaintiff's right arm were broken and would not come off.  CDCR Correctional Sgt. Doe 1 called Hospital Security Guards Does 3 and 4 and requested bolt cutters.  Plaintiff told both CDCR Correctional Sgt. Doe 1 and Correctional Officer Doe 2 not to let the security guards cut off the handcuffs.

Plaintiff contends that the request was ignored.  Hospital Security Guards Does 3 and 4 began to cut the cuff off, causing severe pain and injury.  Plaintiff had tears in his eyes and told CDCR Correctional Sgt. Doe 1 that he was in severe pain and suffering immensely.  CDCR Correctional Sgt. Doe 1 and CDCR Correctional Officer Doe 2 told Plaintiff to stop crying and "suck it up."  ECF No. 18, at 5.

The pain made Plaintiff throw up, but Hospital Security Guards Does 3 and 4 continued to cut.  Plaintiff again told CDCR Correctional Sgt. Doe 1 and CDCR Correctional Officer Doe 2 that the pain was too much, but they told Hospital Security Guards Does 3 and 4 to continue cutting.  Plaintiff states that blood was all over his hospital gown and was gushing from a major cut on his arm.

Finally, after an hour and a half, the handcuff was removed.  The cuffs were forced off of Plaintiff's arm, causing more severe pain.  Plaintiff states that white bone was visible where his arm was cut.  He contends that this caused permanent damage to his right arm, and he can no longer move his right thumb.

Plaintiff further alleges that CDCR contracts with Springfield Handcuff Company, and that handcuffs and waist chains come with a lifetime guarantee.  Plaintiff contends that the waist chain broke, causing severe pain and suffering.

Based on these allegations, Plaintiff alleges a violation of the Eighth and Fourteenth Amendments.

///
///
///

**C.     DISCUSSION**

    1.     Hospital Security Guards Does 3 and 4

As explained above, section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

In the first screening order, the Court explained that the presumption is that "conduct by private actors is not state action." Florer v. Congregation Pidyon Shevuyim, N.A., 639 F.3d 916, 922 (9th Cir. 2011). Plaintiff's original complaint did not contain facts which would support a finding that Hospital Security Guards Does 3 and 4 were acting under color of state law when they removed Plaintiff's broken handcuffs.

Plaintiff has not corrected this deficiency in amending, and again fails to allege *any* facts that could support a finding that Hospital Security Guards Does 3 and 4 were acting under color of state law. The act of treating an incarcerated patient does not, by itself, transform individuals into state actors. It is Plaintiff's burden to demonstrate state action. Florer, 639 F.3d at 922.

Plaintiff therefore fails to state a claim against Hospital Security Guards Does 3 and 4.

    2.     Springfield Handcuff Company

Unlike his allegations relating to the hospital staff, Plaintiff does allege that Springfield Handcuff Company contracted with CDCR to perform services. However, even though Plaintiff has alleged a relationship that may support a finding that it was acting under color of state law, section 1983 is only applicable to *persons* acting under color of state law.

Even if Springfield Handcuff Company could be a proper defendant under section 1983, Plaintiff has not alleged any facts that would suggest deliberate indifference. In the prior complaint, Plaintiff named Smith and Wesson as the handcuff company, but the Court nonetheless explained that he failed to allege any facts to support liability under any legal theory. Plaintiff's citation to a lifetime warranty is not sufficient to state a claim.

Plaintiff has not corrected these deficiencies and he therefore fails to state a claim against the Springfield Handcuff Company.

### 3. Eighth Amendment

Under the Eighth Amendment, "prison officials are . . . prohibited from being deliberately indifferent to policies and practices that expose inmates to a substantial risk of serious harm." Parsons v. Ryan, 754 F.3d 657, 677 (9th Cir. 2014); see also Helling v. McKinney, 509 U.S. 25, 35 (1993); Farmer v. Brennan, 511 U.S. 825, 847 (1994) (prison official violates Eighth Amendment if he or she knows of a substantial risk of serious harm to an inmate and fails to take reasonable measures to avoid the harm). "Deliberate indifference occurs when '[an] official acted or failed to act despite his knowledge of a substantial risk of serious harm.'" Solis v. Cnty. of Los Angeles, 514 F.3d 946, 957 (9th Cir. 2008). A prisoner may state "a cause of action under the Eighth Amendment by alleging that [prison officials] have, with deliberate indifference, exposed him to [environmental conditions] that pose an unreasonable risk of serious damage to his future health." Helling v. McKinney, 509 U.S. 25, 35, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993).

Plaintiff has added sufficient facts to demonstrate that CDCR Defendants Does 1 and 2 were deliberately indifferent to a substantial risk of harm in violation of the Eighth Amendment. However, Plaintiff has not identified either of these Defendants.

Ordinarily, where the Court finds at least one cognizable claim after Plaintiff has had an opportunity to amend, the Court will dismiss the claims that are not cognizable and order Plaintiff to return service documents. In this situation, however, Plaintiff must file an amended complaint because the United States Marshal cannot proceed with service. The Court will open limited discovery by separate order.[2]

### 4. Fourteenth Amendment

Plaintiff alleges an unspecified violation of the Fourteenth Amendment. However, he has not set forth any facts that would support a claim for denial of procedural due process, or any type of equal protection claim.

Insofar as Plaintiff attempts to state a substantive due process claim, he cannot do so. If a constitutional claim is covered by a specific constitutional provision, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due

---

[2] Plaintiff filed a motion for limited discovery to ascertain the names of the Doe Defendants in April 2015, prior to the screening of his original complaint. The motion was denied as premature on May 6, 2015.

process.  County of Sacramento v. Lewis, 523 U.S. 833, 843, 118 S.Ct. 1708 (1998) (quotation marks and citation omitted).

Plaintiff therefore fails to state a claim under the Fourteenth Amendment.

### D.     CONCLUSION AND ORDER

Plaintiff's First Amended Complaint states an Eighth Amendment claim against CDCR Defendants Does 1 and 2.  It does not state any further claims.  Plaintiff has been given an opportunity to correct the deficiencies, but has failed to do so.

Accordingly, this action SHALL PROCEED on Plaintiff's Eighth Amendment claim against CDCR Correctional Sgt. Doe 1 and CDCR Correctional Officer Doe 2.  All other claims and Defendants are DISMISSED for failure to state a claim.

IT IS SO ORDERED.

Dated:   **January 21, 2016**                              /s/ *Dennis L. Beck*
                                                          UNITED STATES MAGISTRATE JUDGE